IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JARON DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06cv3016 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| DEPARTMENT OF CORRECTIONAL SERVICES, | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Filing No. 19, the Motion to Dismiss filed by Nebraska Attorney General Jon Bruning; Filing No. 21, the Objection to Motion to Dismiss filed by the plaintiff, JaRon Dean; Filing No. 35, the plaintiff's Motion for Leave to have filing fee payments withdrawn from his inmate savings account instead of from his inmate trust account; Filing No. 39, the plaintiff's Motion to Cease and Desist withdrawing payments from certain monies deposited into his inmate trust account; and Filing No. 49, the Joint Motion by counsel for the defendants' to Withdraw and Entry of Appearance. The plaintiff is a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS").

Because of a misunderstanding, as reflected on the docket sheet in the court's records, Attorney General Jon Bruning moves to be dismissed from this litigation because the plaintiff fails to state a claim on which relief may be granted against him. However, as the plaintiff explains in Filing No. 21, he did not intend to sue Mr. Bruning. Instead, he served the Office of the Attorney General with process as the location for service of process on the defendant-State employees in their official capacity, as required by Neb. Rev. Stat. § 25-510.02(1). That statute states in pertinent part: "The State of Nebraska, any state agency ... and any employee of the state ... sued in an official capacity may be served by leaving the summons at the office of the Attorney General ... or by certified mail service addressed to the office of the Attorney General." Therefore, Filing No. 19 is

granted, and Filing No. 21, the plaintiff's Objection to Filing No. 19 is also granted. The Clerk of Court will be directed to terminate Mr. Bruning from the docket sheet as a party to this case.

As for the plaintiff's request to have his filing fee payments deducted from a particular account set up within the DCS system, that is not a matter for this court to decide. While the court has no objection to the plaintiff's proposal, the plaintiff will have to negotiate the issue with correctional administrators. Because the court cannot become involved in matters of internal prison accounting, Filing Nos. 35 and 39 must be denied.

THEREFORE, IT IS ORDERED:

1. That Filing No. 19, the Motion to Dismiss filed by Nebraska Attorney General Jon Bruning, is granted insofar as the Clerk of Court shall terminate Mr. Bruning from the docket sheet as a party to this case;

2. That Filing No. 21, the plaintiff's Objection to Motion to Dismiss, is also granted, with appreciation for the plaintiff's explanation;

3. That Filing Nos. 35 and 39, the plaintiff's Motions regarding deduction of filing fee payments from his inmate trust account, are denied; and

4. That Filing No. 49, the Joint Motion to Withdraw and Entry of Appearance by counsel for the defendants, is granted.

DATED this 31st day of January, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge