#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JARON DEAN, | ) | CASE NO. 4:06CV3016 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| KATHY BLUM, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

### INTRODUCTION

The plaintiff, an inmate at the Tecumseh State Correctional Institute ("TSCI"), claims the defendants violated his constitutional rights by terminating his employment as a TSCI legal aide because the plaintiff attended a Ma'at worship service instead of reporting to work as directed.

The plaintiff's initial complaint was unsigned. On August 6, 2007, the court entered a memorandum and order requiring the plaintiff to file a signed certificate stating that the allegations and legal contentions set forth in the amended complaint, filing 9, are his. The plaintiff timely complied with the court's order, and filed a certificate stating, under penalty of perjury, that he is the plaintiff, knows the contents of his amended complaint, and the allegations and legal contentions set forth therein are true and correct to the best of his knowledge. Filing No. 71.

The court's August 6, 2007 memorandum and order dismissed the plaintiff's due process and equal protection claims as to all defendants, in their individual and official capacities, named in plaintiff's amended complaint, (Filing No. 9), and dismissed any punitive damages claim against defendants Frank Hopkins, Frances Britten, Rex Richard, Kathy Blum, Diane Sabatka-Rine, Martha Schmidt, Pam Hillman, Sergeant Simon,

Caseworker Dallmann, and Jodi Heard, in their official capacities. See Filing No. 63, ¶¶ 3-4. The court further entered summary judgment in favor of defendants Frances Britten, Martha Schmidt, Pam Hillman, Sergeant Simon, Caseworker Dallmann, Diane Sabatka-Rine, and Jodi Heard, in their individual capacities. See Filing No. 63, ¶ 5.

Paragraph 6 of the court's prior memorandum and order dated August 6, 2007 stated:

> Defendants Kathy Blum, Frank Hopkins, and Rex Richard, in their individual capacities and official capacities, and defendants Frances Britten, Martha Schmidt, Pam Hillman, Sergeant Simon, Caseworker Dallmann, Diane Sabatka-Rine, and Jodi Heard, in their official capacities, are given until August 23, 2007 to move for summary judgment on plaintiff's free exercise of religion claims.

See Filing No. 63, ¶ 6. The defendants identified in the foregoing paragraph 6 are the only remaining defendants in this case, and as to these defendants, the only claims remaining are plaintiff's statutory and First Amendment free exercise of religion claims.

## PENDING MOTIONS

1. <u>Motion to Reconsider</u>.

The plaintiff filed an objection to the court's prior memorandum and order, (Filing No. 63). The court has reviewed the plaintiff's statement of objections, (Filing No. 69), and concludes the plaintiff's arguments lack merit. The plaintiff's objection, interpreted as a motion to reconsider, is denied.

2. <u>Motion for Injunctive Relief</u>.

The plaintiff has filed a motion for preliminary injunction and for temporary restraining order, (Filing No. 68), and a request for hearing, (Filing No. 70). In support of his motion for injunctive relief, the plaintiff alleges that his cell was searched by CM

Needham on July 20, 2007, and his alarm clock/ radio was improperly confiscated. CM Needham completed a misconduct report stating the alarm clock/radio had a screw missing, and it appeared the plaintiff had tampered with it in violation of prison rules. Filing No. 68, ex. 4. The plaintiff claims this allegation was contrived. He claims CM Needham tampered with the clock and filed a misconduct report against the plaintiff in retaliation for plaintiff's filing of this lawsuit and an unrelated state court action.

The plaintiff's motion for injunctive relief raises allegations concerning the conduct of a nonparty and claims for relief based on facts that are clearly beyond the scope of the pending complaint. Moreover, the plaintiff has not alleged any factual basis for his claim that he faces a risk of future retaliation, much less the risk of "immediate or irreparable injury." Fed. R. Civ. P. 65(c). The plaintiff's motion for injunctive relief and associated request for hearing, (Filing Nos. 68 & 70), are therefore denied.

      3.      <u>Motion for Summary Judgment</u>.

The remaining defendants have moved for summary judgment on plaintiff's exercise of religion claims. They argue the plaintiff has failed to make a prima facie showing that their conduct violated the plaintiff's right to exercise his religion, and even if the plaintiff could make such a showing, they are entitled to qualified immunity.

Substantial evidence was previously offered by the plaintiff and by defendants Frances Britten, Martha Schmidt, Pam Hillman, Sergeant Simon, Caseworker Dallmann, Diane Sabatka-Rine, and Jodi Heard, in their individual capacities, on these defendants' prior motion for summary judgment, (Filing No. 53). The evidence submitted on the Filing No. 53 motion for summary judgment was thoroughly outlined in the court's prior memorandum and order, (Filing No. 63), and will not be repeated herein. The same

evidence is re-offered in support of and in opposition to the remaining defendants' motion for summary judgment. No additional evidence has been offered on the pending motion. That said, with the plaintiff's filing of a certificate attesting to the truthfulness of the facts within his complaint under penalty of perjury, the issue of whether the plaintiff was told he would need to be on call for library work may now be an issue of disputed fact. The plaintiff's complaint alleges that defendant Heard never told him "there may be times you'll have to work in SMU regardless if its on a religious night." Filing No. 9, ¶ 33. However, the affidavit of Heard states that prior to the night of May 23, 2005, when the plaintiff failed to report for work, she told the plaintiff he would need to work as an on-call legal aide when directed to do so. See Filing No. 55, ex. 10.

For the purpose of the pending motion for summary judgment, the court considers all disputed factual issues in favor of the plaintiff. Specifically, for the purpose of the remaining defendants' motion for summary judgment, the court assumes the plaintiff was not told at any time before the evening of May 23, 2005, that he might be required to work as an SMU legal aide even if that work prevented him from attending a Ma'at religious service. The court concludes, however, that this factual dispute is not material and the remaining defendants' summary judgment motion must be granted.

As this court's prior order explained, summary judgment must be entered against the plaintiff on his First Amendment claim because: 1) requiring the plaintiff to report to work at the SMU law library when called furthers the prison's legitimate interest and responsibility of providing legal aide services to inmates when needed; 2) the plaintiff was afforded sufficient alternative means of worshiping, including privately practicing the Ma'at faith through meditation, prayer, or study; and 3) permitting the plaintiff to refuse to report

for on-call legal aide work as ordered would create the "ripple effect" of denying other inmates access to legal aide services, and undermine the prison's ability to enforce regulations requiring others to work as directed. Even assuming the plaintiff was never told before May 23, 2005, that he might need to miss a worship service to perform SMU legal aide work, he has failed to produce sufficient evidence in support of his First Amendment claim. Filing No. 63, pp. 14-15.

The court's prior order also denied plaintiff's free exercise of religion claim based on the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). 42 U.S.C. § 2000cc-1(a). The court reasoned:

> The plaintiff has submitted no evidence that May 23, 2005 was a Ma'at sacred day, that the prison significantly inhibited him from practicing some central tenet of the Ma'at faith, or that due to prison regulations or policies, he was unable to worship or study with other Ma'at believers. He has presented no evidence that he was denied reasonable opportunities to engage in activities fundamental to his religion.

Filing No. 63, p. 16. The court therefore denied the plaintiff's RLUIPA claim because the plaintiff failed to present threshold evidence that the prison substantially burdened his ability to practice the Ma'at faith. Filing No. 63, pp. 16-17. Irrespective of whether the plaintiff was notified in advance that he may need to miss worship for on-call SMU legal aide work, he has not shown that this work requirement substantially burdened his statutory right to exercise of religion secured under the RLUIPA. The plaintiff's RLUIPA claim must be denied.

Finally, as with defendants Frances Britten, Martha Schmidt, Pam Hillman, Sergeant Simon, Caseworker Dallmann, Diane Sabatka-Rine, and Jodi Heard, in their individual capacities, the court finds the remaining defendants are entitled to qualified immunity

because "[a] reasonable prison official would not have known that requiring the plaintiff to report to work on a Monday night, or terminating his job for failure to do so, would violate his constitutional or statutory right to free exercise of religion." Filing No. 63, p. 17 (citing Roddy v. Banks, 124 Fed.Appx. 469, 471, 2005 WL 433404, **1 (8th Cir. 2005)).

IT IS ORDERED that:

1. The plaintiff's objection, (Filing No. 69) to the court's Filing No. 63 memorandum and order is interpreted as a motion to reconsider and is denied;

2. The plaintiff's motion for preliminary injunction and temporary restraining order, (Filing No. 68), and his request for hearing on the Filing No. 68 motion for injunctive relief, (Filing No. 70), is denied;

3. The motion for summary judgment filed by defendants Kathy Blum, Frank Hopkins, and Rex Richard, in their individual capacities and official capacities, and defendants Frances Britten, Martha Schmidt, Pam Hillman, Sergeant Simon, Caseworker Dallmann, Diane Sabatka-Rine, and Jodi Heard, in their official capacities, (Filing No. 65), is granted;

4. There being no remaining claims alleged in the plaintiff's amended complaint, (Filing No. 9), the above-entitled case is dismissed with prejudice; and

5. Judgment will be entered in accordance with this Memorandum and Order.

DATED this 29th day of October, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge